Cox v. Bell.

$1,150, with 7 per cent. interest thereon from March 1, 1913, and for costs.

REVERSED.

---

ORA COX, APPELLEE, v. JOHN S. BELL ET AL., APPELLANTS.

FILED JUNE 22, 1922.   No. 21943.

1. Partnership: DISSOLUTION: DAMAGES: PROSPECTIVE PROFITS. Where prospective profits of a partnership are speculative and conjectural. they do not afford a proper basis for measuring damages sustained by one partner because of a wrongful breach of the partnership contract by the other partner whereby the partnership is prematurely dissolved.

2. ———: ———: ———. Where one of two partners by his wrongful act has caused the premature dissolution of the partnership, and the other partner has devoted his time to the firm business, but is unable to show with reasonable certainty what the prospective profits would have been, he may, in lieu of and as a substitute for prospective profits, recover as damages the reasonable value of his time, less any sum or profit he has received from the business prior to the dissolution of the partnership.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed as modified.*

*Hartigan & Fouts,* for appellants.

*Heasty & Barnes* and *Denny & Denny, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

GOOD, District Judge.

Plaintiff brought this action against the defendant for an accounting, dissolution of a partnership between the parties, and the recovery of the possession of certain real estate owned by the plaintiff and used in the partnership business. Decree was entered dissolving the partnership as of January 1, 1920, distributing the proceeds of the partnership business, and awarding possession of the real estate to plaintiff. Defendant has appealed.

Plaintiff, who was the owner of a farm consisting of 360 acres in Jefferson county, Nebraska, entered into an oral contract for a copartnership with the defendant wherein the parties were to engage in the farming and dairy business on plaintiff's farm.  The partnership was to begin on March 1, 1919, at which time the defendant, pursuant to the agreement, entered into possession of the farm.  The partnership agreement provided that plaintiff should furnish the farm, the material for putting the buildings in proper condition for the business, the seed for the crops that were to be planted, and one-half of the cows. Defendant was to furnish the labor and make the repairs, plant and harvest the crops, furnish half the cows, do the milking, and market the farm and dairy products.  The net proceeds of the venture were to be equally divided between them.

Plaintiff in his petition alleged that the contract was to continue for one year and to terminate March 1, 1920; that the term of the partnership had expired; that defendant was holding over and retaining the use of the farm, excluding plaintiff from the business and misappropriating the partnership funds and property.  He prayed for the appointment of a receiver, an accounting of the partnership affairs, the dissolution of the partnership, and for possession of the farm.

In his answer defendant admitted the making of the oral contract substantially as alleged by plaintiff, except that he claimed that the partnership was to continue for a period of five years and terminate March 1, 1924.  He also alleged that plaintiff had been guilty of such breach of the partnership contract that it was practically impossible to continue the business, and prayed for damages arising from plaintiff's breach of the contract.

The trial court appointed a receiver, had the partnership property sold, awarded the possession of the farm to the plaintiff, ordered the proceeds of the sale of the partnership property divided between the parties according to their respective rights, but did not allow defendant

any sum as damages for breach of the contract. The trial court found that the partnership contract provided for a term of five years, as alleged by defendant, and that plaintiff had been guilty of such breach of the contract that it made it practically impossible to continue the partnership business, and further found that the partnership business had been a losing venture from the start; that there was no basis in the evidence to warrant a finding that there would be any prospective profits, even if the business had been continued to the end of the contract period, and, apparently, because it was uncertain as to whether there would be any profits had the partnership business been continued for the full term of five years, refused to award any damages to defendant for plaintiff's breach of the contract.

The only question for determination is: Was defendant entitled to damages for plaintiff's breach of the contract which caused the termination of the partnership, and, if so, what is the measure of his recovery?

Plaintiff contends the trial court should have found the partnership was to endure for one year only, but he has not filed a cross-appeal, and we regard that question as settled by the finding of the trial court. We may say that we have examined the record and have reached the same conclusion as the trial court that the contract of partnership was to endure for a term of five years.

The copartnership acquired a herd of 21 cows, a number of which were not fresh until the fall of 1919. Considerable work has to be done to prepare the buildings for the proper care of the dairy herd, provide an adequate water supply for the cows and the care of the milk, seeding a portion of the land to alfalfa, putting the buildings in order to properly house and shelter the cows and their increase during the winter season. The parties evidently contemplated the growth of the dairy herd by its natural increase and probably by the addition of other cows. It is evident that the parties could not have reasonably expected any substantial profits from the business for at

least a year or longer. If the future business was to be profitable it was necessary that the herd be increased to somewhere near the capacity of the farm to care for the same. It is plain that if any substantial profits were to be realized from the venture they would accrue in the later years of the business. What profits, if any, could have been made is a matter of speculation and conjecture. No one could foretell what the death rate in the dairy herd might be for a period of years, nor could any one predict with certainty whether sufficient grain and forage could be raised on the farm for the care of the herd, nor what prices would have to be paid for any feed that might have to be purchased for the live stock, nor could anyone determine what prices might be obtained for the farm or dairy products. We think the trial court was right in finding that there was no basis in the evidence for determining what, if any, prospective profits would have accrued. Where prospective profits can be shown with reasonable certainty, the loss of such profits affords a proper basis for the recovery of damages for breach of the partnership contract whereby it is prematurely terminated; but, where such profits are uncertain and speculative or conjectural, they do not afford a proper basis to measure the damages. 17 C. J. 785, sec. 112, and cases there cited. It does not follow that defendant is without a remedy because he was unable to show what the prospective profits of the partnership venture would have been had it been continued for the full contract term. Defendant devoted his time to the partnership business in the hope and expectation that the later years of it would bring him a substantial profit, and by the wrongful conduct of plaintiff he has been unjustly deprived of whatever opportunity there might have been for a realization of profits had the business been carried on for the five-year term. The evidence discloses that defendant was somewhat skilled in the dairy business and that the reasonable value of the time he devoted to the partnership between March 1, 1919, and January 1, 1920, was $90 a month, or

$900 in the aggregate. During that same period defendant received as his share of the partnership business $418.65. While the authorities are not harmonious upon the subject, we believe that the reasonable and better view is that, where one partner by his wrongful act has rendered it impracticable for the partnership business to be carried on for the contract period, and the other partner has devoted his time to the business, but is unable to show beyond mere conjecture what the prospective profits of the partnership would have been, in lieu of and as a substitute for prospective profits, he may recover as damages the reasonable value of his time, less such sum as he may have actually received from the business. 20 R. C. L. 929, sec. 145; *Webster v. Beau,* 77 Wash. 444, 51 L. R. A. n. s. 81, and note thereto. We are of the opinion that the district court should have allowed defendant damages equal to the difference between the value of his time from March 1, 1919, to January 1, 1920, when the partnership was dissolved by the decree of the district court, and the sum that he actually received from the partnership during that period. The evidence shows the value of defendant's time is $900 and the finding of the district court was that defendant had received $418.65. He should be awarded damages in the sum of $481.35.

The judgment and decree of the district court is hereby modified so as to allow defendant damages for the breach of the partnership contract in the sum of $481.35, and, as modified, is affirmed.

AFFIRMED AS MODIFIED.